UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81793-CV-MARRA/MATTHEWMAN

SCOTT MEYROWITZ, MARY
MEYROWTIZ, AND SSB INTERNATIONAL,
LLC, a Florida limited liability company,
    Plaintiffs,

v.

GREG BRENDEL, an individual, and
WELLS FARGO BANK, N.A., a
foreign corporation,

    Defendants.

_____/



FILED by _____ D.C.

SEP 1 7 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**ORDER DETERMINING AMOUNT OF ATTORNEYS' FEES, COSTS AND
EXPENSES TO BE PAID BY PLAINTIFFS, SCOTT MEYROWITZ, MARY
MEYROWITZ, AND SSB INTERNATIONAL, LLC, AND BY PLAINTIFFS'
COUNSEL, LAWRENCE A. CAPLAN AND LAWRENCE A. CAPLAN, P.A., TO
DEFENDANT GREG BRENDEL PURSUANT TO THIS COURT'S PRIOR
SANCTIONS ORDER DATED APRIL 9, 2018 [DE 98]**

**THIS CAUSE** was originally before the Court upon Defendant, Greg Brendel's

("Defendant") Motion for Sanctions and Request for Hearing [DE 71]. This Court previously

granted Defendant's Motion for Sanctions in part and determined that Defendant was entitled to

an award of expenses, costs, and attorney's fees from Plaintiffs and their counsel. Accordingly,

this Court must now determine the appropriate amount of attorney's fees, costs and expenses to

be awarded to Defendant Brendel. *See* DE 98, pg. 27.

## I.    BACKGROUND

The Court previously entered an Order Granting in Part and Denying in Part Defendant

1

Greg Brendel's Motion for Sanctions and Request for Hearing. *See* DE 98. In that Order, the Court stated that it would award Defendant Greg Brendel his expenses, costs, and attorney's fees against Plaintiffs, Scott Meyrowitz, Mary Meyrowitz, and SSB International, LLC, and their counsel, Lawrence A. Caplan, Esq., and the firm of Lawrence A. Caplan, P.A., (collectively referred to as "Plaintiffs") related to litigating the Petition for Writ of Garnishment [DE 56] and the Motion for Sanctions [DE 71]. The award included all reasonable attorneys' fees, costs, and expenses incurred by Defendant and Defendant's counsel in filing and litigating the Petition for Writ of Garnishment [DE 56] and the Motion for Sanctions [DE 71], in preparing for and attending the hearings on these motions, and for Defendant's travel to and from Texas and Florida to attend the two evidentiary hearings. The Court did not award sanctions in the amount of the lost value of the settlement funds, or any sanctions beyond the attorneys' fees, costs and expenses delineated above.

In order to determine the appropriate amount of attorneys' fees, costs, and expenses to be awarded to Defendant Greg Brendel, this Court required Defendant Brendel to file an affidavit documenting all attorneys' fees, costs, and expenses incurred, including the amount of attorney's fees sought, hours expended, services rendered, and hourly rate sought. *See* DE 98. The Court then ordered counsel for Plaintiffs to file a response or objection to the hourly rate claimed by Defendant's counsel and the number of hours incurred by counsel which relate to Defendant litigating the Petition for Writ of Garnishment [DE 56] and the Motion for Sanctions [DE 71]. *See* DE 98.

## II.   AFFIDAVIT, RESPONSE, AND REPLY

### A. Defendant's Affidavit

In Robert M. Klein's Corrected Affidavit for Attorney's Fees and Costs [DE 102][1], Defendant seeks $48,570.00 in attorneys' fees and paralegal fees, $962.00 in court costs, and $2,227.99 in travel expenses to and from Texas for attendance at the evidentiary hearing on the Petition for Writ of Garnishment and the evidentiary hearing on the Motion for Sanctions. Defendant seeks an hourly rate of $550.00 for Robert Klein, Esq., $350.00 for Mark J. Sullivan, Esq., $250.00 for Andrew M. Feldman, Esq., $250.00 for Lelia M. Schleier, Esq., and $150.00 for paralegal Lucilla Marques.

### B. Plaintiffs' Response in Opposition

Plaintiffs[2] filed their Opposition to Defendant Greg Brendel's Request for Attorney's Fees and Costs [DE 110]. Plaintiffs first object to the proposed hourly rates of Mr. Klein, Ms. Miranda, and Ms. Marques. Plaintiffs assert that Mr. Klein's proposed rate of $550 per hour is high for this District and this case, and request a more reasonable rate of $450 per hour. [DE 110, pg. 4]. To support this request, Plaintiffs argue that Mr. Klein's proposed rate is substantially higher than that requested by his law firm partners in other cases, that courts in this District have awarded similarly experienced attorneys less than the rate that Mr. Klein is seeking, and finally, that the circumstances in this case do not warrant a rate of $550 per hour because the facts relevant to this award do not involve Mr. Klein's expertise. [DE 110, pg. 5]. Next, Plaintiffs argue that an hourly rate of $150 for paralegal Lucilla Marques is high in this district and a rate

---

[1] Mr. Brendel filed an Affidavit of Robert M. Klein for Attorney's Fees and Costs at DE 101, but filed a corrected version at DE 102 reflecting the correct amount sought and a copy of the complete exhibits for the expenses of Defendant Brendel.

[2] "Plaintiffs" collectively refers to Plaintiffs Scott Meyrowitz, Mary Meyrowitz, and SSB International, LLC, and

of $125 per hour is appropriate and reasonable. [DE 110, pg. 6]. Finally, Plaintiffs object to any hourly rate and compensation for Helen Miranda, Esq., because she was not mentioned in Defendant's affidavit. *Id.*

Plaintiffs next argue that they should not be required to pay more attorneys' fees than what was actually billed to Defendant Brendel, and note that the amount *actually* billed to Brendel has been redacted in almost every invoice, except for the last invoice. [DE 110, pg. 7]. Therefore, Plaintiffs argue that they cannot determine whether the amount sought by Mr. Brendel's counsel is in fact the amount billed to Mr. Brendel. *Id.*

Plaintiffs also object to the amount of hours billed. *Id.* Plaintiffs argue that the 53.6 hours billed by Mr. Klein should be reduced by 16.5 hours and Mr. Klein should be reimbursed for only 37.1 hours. *Id.* Plaintiffs argue that Mr. Sullivan's billed time of 2.5 hours should be reduced to zero hours because Mr. Sullivan's time descriptions are so redacted and vague that Plaintiffs cannot discern whether the legal work was necessary to the Petition or Motion, or whether the work is duplicative. [DE 1120, pg. 10]. Next, Plaintiffs challenge Mr. Feldman's billed time, and request that the 51.8 hours billed by Mr. Feldman be reduced to 24.1 hours, because many of the hours are vague and heavily redacted, and because they are excessive, unnecessary, and duplicative. [DE 110, pg. 11]. Plaintiffs also ask the Court to deduct the 3 hours billed by Ms. Schleier, because her time description is so vague and heavily redacted that Plaintiffs cannot discern the legal services provided. [DE 110, pg. 12]. Plaintiffs object to 19.4 of the 30.1 hours billed by Ms. Marques, because they are unnecessary or duplicative, they are redacted, and because some of the hours billed are for clerical tasks. [DE 110, pgs. 12-14]. Finally, Plaintiffs object to the 4.40 hours billed by Ms. Miranda, because Defendant's affidavit

---

their counsel, Lawrence A. Caplan, Esq., and the firm of Lawrence A. Caplan, P.A.

contained no reference to her. [DE 110, pg. 14]. Plaintiffs add that the details of the work performed by Ms. Miranda have been completely redacted. [DE 110, pg. 15]. In sum, Plaintiffs request that Mr. Klein be reimbursed for only 34.1 hours expended, Mr. Feldman be reimbursed for 24.1 hours expended, and Ms. Marques be reimbursed for 10.7 hours expended.

Finally, Plaintiffs ask that the Court award Mr. Brendel only $1,615.32 of the $2,227.99 he is seeking in travel expenses. [DE 110, pg. 17]. Plaintiffs dispute several charges relating to Mr. Brendel's expenses in attending the hearing on the Petition for Writ of Garnishment and the hearing on the Motion for Sanctions because there are several undocumented and duplicative expenses. Plaintiffs also object to Mr. Brendel's request for $926 in costs because Defendant has not explained or documented why he incurred these costs and how the costs relate to the Petition, Motion, or hearings. [DE 110, pg. 19].

### C. Defendant's Reply

Defendant filed a Reply to Plaintiffs' Opposition to Defendant's Request for Attorney's Fees. [DE 114]. Defendant argues that the hourly rate sought for Mr. Klein and Ms. Marques are appropriate in this case. [DE 114, pgs. 2-3]. Defendant states that each invoice was sent to Mr. Brendel individually and he is responsible for paying each of the bills. Defendant adds that he would be willing to produce the unredacted billing records to the Court for *in camera* review. [DE 114, pg. 4]. Defendant rejects Plaintiffs' claim that several of the tasks billed were for duplicative work, arguing that Mr. Feldman and Ms. Marques' presence at the hearings were necessary and therefore the time expended is not unreasonable. [DE 114, pg. 8]. Defendant also rejects Plaintiffs' argument that the billing entries are redacted and vague, because Defendant claims that the legal research entries were redacted to protect the attorneys' work product. *Id.*

# III.    DISCUSSION

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F. 3d at 427 (*citing Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F. 3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F. 3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F. 3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F. 2d at 1299; *Touzout v. Am. Best Car Rental KF Corp.*, No. 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017).

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F. 2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F. 3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F. 3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F. 3d at 428 (*quoting Norman*, 836 F. 2d at 1301 (*emphasis in original*)). The burden rests on the fee applicant to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F. 3d at 782.

When responding to motions for attorney's fees, opponents are required to lodge specific objections to any requests. *See Barnes*, 168 F. 3d at 427 (stating that objections from fee opponents must be to be specific and "reasonably precise"); *Norman*, 836 F. 2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should the objections from fee opponents.") Failing to lodge specific objections is generally deemed fatal. *See, e.g., Gray v. Lockheed Aeronautical Sys. Co.*, 125 F. 3d 1387,

1389 (11th Cir. 1997); *Scelta v. Delicatessen Support Srvcs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002).

## A. Counsel's Hourly Rate

In seeking reimbursement for his attorney's fees, Defendant relies on the billing records of his attorney, Mr. Robert Klein. Defendant seeks $48,570.00 in attorneys' fees and paralegal fees, at $550.00 per hour for Robert Klein, Esq., managing partner of Klein Glasser Park & Lowe, P.L. ("Klein Glasser"), $350.00 per hour for Mark J. Sullivan, Esq., a partner of Klein Glasser, $350.00 per hour for Helen Miranda, Esq, $250.00 per hour for Andrew Feldman, Esq., an associate of the law firm, $250.00 per hour for Lelia Schleier, Esq., an associate of the law firm, and $150.00 per hour for Lucilla Marques, a paralegal of the law firm.

In support of Defendant's request, Defendant asserts that Mr. Klein has been a practicing attorney for over forty years, and he is a shareholder and the managing partner of Klein Glasser Park & Lowe, P.L. [DE 102, pg. 2]. Mr. Klein has tried more than 150 jury trials and more than forty legal malpractice cases. *Id.* Mr. Sullivan is a partner at Klein Glasser who served as the second attorney to Mr. Klein. [DE 102, pg. 3]. Mr. Sullivan has been a member of the Florida Bar for ten years and he focuses primarily on the defense of attorneys. *Id.* Mr. Feldman is an associate attorney and has been a member of the Florida Bar since 2012. *Id.* Mr. Feldman helped to successfully defend nine appeals and has also provided litigation support throughout this case. *Id.* Ms. Schleier is an associate with the firm and has been a member of the Florida Bar since 2014. *Id.* Ms. Marques is a paralegal with Klein Glasser who has practiced as a paralegal for more than twenty years. [DE 102, pg. 4]. Additionally, Ms. Marques has worked at Klein Glasser and its previous iteration, Stephens Lynn Klein, since 1991. *Id.* Plaintiffs do not challenge the

hourly rates of Mr. Sullivan, Mr. Feldman, or Ms. Schleier as unreasonable; however, they do challenge the rates of Mr. Klein, Ms. Miranda, and Ms. Marques.

i. Robert Klein, Esq.

The Court has considered Mr. Klein's Affidavit and the *Johnson* factors. The Court also notes that this was a relatively straightforward case, where Mr. Klein defended against what turned out to be meritless claims brought by Plaintiffs. *See* DE 119, pg. 20. Based upon the Court's own knowledge and experience, the Court concludes that a $500.00 hourly rate is a reasonable rate in this case for Mr. Klein, a managing partner with more than forty years of experience. *See Martin v. Creative Mgmt. Grp., Inc.*, No. 10-23159-CIV, 2014 WL 11804564, at *2 (S.D. Fla. Jan. 23, 2014); *Inspired Dev. Grp., LLC v. Inspired Prod. Grp., LLC*, No. 16-80076-CIV, 2018 WL 2460295, at *5 (S.D. Fla. Apr. 25, 2018), *report and recommendation adopted,* No. 9:16-CV-80076, 2018 WL 2446196 (S.D. Fla. May 31, 2018) (finding $500 per hour reasonable for lead counsel and partner who has practiced law for over 30 years).

ii. Helen Miranda, Esq.

Helen Miranda is not referenced in either Defendant's affidavit [DE 102] or his Reply [DE 114]. However, Defendant includes hours billed by Ms. Miranda in Klein Glasser's invoice at DE 102-3, pg. 12. The Court agrees with Plaintiffs' contention that time billed by Ms. Helen Miranda, Esq. should not be considered; however, the Court notes that Defendant did not include Ms. Miranda's time in the total amount sought in his Affidavit. Defendant failed to refer to Ms. Miranda in his affidavit, and included no information on Ms. Miranda regarding either her qualifications or her work on this case, and her time entry is completely redacted. The Court

understands this to mean that Defendant is not seeking reimbursement for Ms. Miranda's time and therefore the Court will not consider a reasonable hourly rate for Ms. Miranda.

      iii.  <u>Lucilla Marques</u>

Plaintiffs argue that an hourly rate of $150 for paralegal Lucilla Marques is unreasonable because it is at the "higher end in this District" for a paralegal hourly rate. [DE 110, pg. 6]. Instead, Plaintiffs seek an hourly rate of $125 per hour for Ms. Marques. In his Reply, Defendant points to Ms. Marques' significant experience including 35 years as a paralegal, and cites to several cases in the Southern District of Florida supporting the reasonableness of a paralegal hourly rate of $150. [DE 114, pg. 3]. The Court has considered Mr. Klein's affidavit, the Response and Reply, the *Johnson* factors, and the Court's own knowledge and experience, and finds that $150 per hour is a reasonable rate in this case for a paralegal with more than 35 years of experience. *See Freestream Aircraft USA Ltd. v. Chowdry,* No. 16-CV-81232, 2017 WL 4785458, at *3 (S.D. Fla. Oct. 20, 2017) (finding a paralegal's hourly rate of $150 to be reasonable); *Brown Jordan International, Inc., v. Carmicle,* No. 14-60629-CV, 2017 WL 5633312, at *6 (S.D. Fla. Aug. 7, 2017), *report and recommendation adopted sub nom. Brown Jordan Int'l, Inc. v. Carmicle*, No. 0:14-CV-60629, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017) (reducing paralegal's hourly rate from $190.00 to $175.00); *HPC US Fund 1, L.P. v. Wood,* 2016 WL 7636373, at *2 (S.D. Fla. Apr. 22, 2016) (reducing paralegal's hourly rate from $150 to $125).

Finally, the Court notes that Plaintiffs have not challenged the hourly rates of Mark J. Sullivan, Esq., at $350 per hour; Andrew M. Feldman, Esq., at $250 per hour, and Lelia M. Schleier, Esq., at $250 per hour. Based on the qualifications of Mr. Sullivan, Mr. Feldman, and

Ms. Schleier, the Court's own knowledge and experience, and in light of the fact that Plaintiffs do not object to the proposed hourly rates, the Court finds that $350 per hour for Mr. Sullivan, $250 per hour for Mr. Feldman, and $250 per hour for Ms. Schleier are reasonable rates.

Based on the qualifications of counsel and other relevant factors, this Court finds that Mr. Klein's reduced hourly rate of $500.00, Mr. Sullivan's hourly rate of $350.00, Mr. Feldman's hourly rate of $250.00, Ms. Schleier's hourly rate of $250.00 and Ms. Marques' hourly rate of $150.00 are reasonable in this district.

**B. Number Of Hours Reasonably Expended**

Next, the Court must determine whether the number of hours billed were related to the Petition for Writ of Garnishment [DE 56] and the Motion for Sanctions [DE 71] pursuant to this Court's prior Order [DE 98]. In Defendant's Affidavit, Defendant asserts that Mr. Robert Klein spent 53.6 hours in litigating the two matters at issue; Mr. Mark J. Sullivan spent 2.5 hours; Mr. Andrew M. Feldman spent 51.8 hours; Ms. Lelia M. Schleier spent 3.0 hours; and Ms. Lucilla Marques spent 30.1 hours in litigating the matters. [DE 102, pg. 2]. Plaintiffs object to the amount of hours billed by each attorney and request that the Court deduct 16.5 hours from the time sought by Mr. Klein; 2.5 hours from the time sought by Mr. Sullivan; 27.7 hours from the time sought by Mr. Feldman, 3 hours from the time sought by Ms. Schleier; and, finally, request that the Court deduct 19.4 hours from the time sought by Ms. Marques. [DE 110, pgs. 9-12].

i. Vague or Redacted Time Entries

Plaintiffs object to several hours logged by Mr. Klein, Mr. Sullivan, Mr. Feldman, Ms. Schleier, and Ms. Marques because the description of the time entries are so redacted that Plaintiffs cannot discern the services provided by the attorneys. Plaintiffs object to 0.8 hours

logged by Mr. Klein on July 6, 2017, September 15, 2017, and March 2, 2018 [DE 102-3, pgs. 11, 17, 24]; 2.5 hours logged by Mr. Sullivan on September 26, 2017 and September 27, 2017. [DE 110, pg. 10]; 18.1 hours submitted by Mr. Feldman [DE 102-3, pgs. 1, 8, 11, 14, 17, 18, 21, 24]; 3.0 hours billed by Ms. Schleier [DE 102-3, pg. 22]; and 0.6 hours of Ms. Marques' time [DE 102-3, pgs. 11, 24] because Plaintiffs claim that the descriptions in the invoices are so redacted that they cannot discern the services provided by the attorneys.

It is true that a Court may deduct hours from the time billed if it finds that the billing entries are either unacceptably vague or so heavily redacted that it cannot discern the legal services provided. *See Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.,* 697 F. Supp. 2d 1349, 1367 (S.D. Fla. 2010) (citing *Intercontinental Hotels Group, Inc. v. Weis Builders, Inc.,* 2007 WL 4072979, *2 (N.D.Ga. Nov. 5, 2007) (court "cannot perform its analysis adequately unless each entry also states with specificity the task performed"); *Vitug v. Multistate Tax Com'n,* 883 F.Supp. 215, 223–24 (N.D.Ill.1995) (redacted description of services made it impossible for court to sufficiently evaluate services and fees charged). *See also Cambridge Electronics Corp. v. MGA Electronics, Inc.,* 2005 WL 927179, *6 (C.D.Cal. Jan. 18, 2005) (court deducted fees where the description of services performed had been redacted and not even a general subject matter for the charges was identified)). However, the Court does not find that the time entries in this case are unacceptably vague or too heavily redacted as to warrant a deduction.

First, after a review of Mr. Klein's time entries at DE 102-3, pgs. 1-25, the Court finds that a majority of the time entries are not redacted. Second, the Court notes that the majority of the redacted entries do not include a time entry and are not included in Mr. Klein's calculation of the total number of hours sought by each attorney. That is, Defendant is not seeking attorneys'

fees for many of the redacted entries. Indeed, several of the time entries that Plaintiffs cite to in their Response, including entries by Mr. Klein on September 15, 2017, and March 2, 2018, do not have a time entry and were not included in the total amount of hours calculated by Defendant. *See* DE 102-3, pgs. 11, 17. Third, although there are several entries where the description has been redacted and where time for such redacted time entry is being sought, the Court is able to discern the legal work billed by Defendant. Most of the time entries that have redactions, but also include a time entry, are for research. According to Defendant, those time entries were redacted because a description of the legal research would reflect the attorneys' work product. [DE 114, pg. 8]. An example of this kind of time entry occurs at DE 102-3, pg. 1, where Mr. Feldman billed 5.60 hours on December 26, 2017. The time entry reads "Research, REDACTED, draft reply in support of motion for sanctions; focus of reply REDACTED." The Court does not find that this time entry is too vague to discern that Mr. Feldman spent 5.60 hours researching case law and drafting the Reply to the Motion for Sanctions. In sum, when considering the time entries that include redactions, but are not completely redacted, with the entirety of the invoices submitted by Mr. Klein's law firm, the Court does not find that the entries are unacceptably vague or too heavily redacted, and will not deduct those hours from the total time billed.

ii. Excessive, Unnecessary, or Duplicative Time Entries

Plaintiffs next object to several hours logged by Mr. Klein, Mr. Feldman, and Ms. Marques because they contend that the work billed on the invoices was either excessive, unnecessary, or duplicative. [DE 110, pgs. 8, 11, 12]. Plaintiffs first object to 15.7 hours billed by Mr. Klein. Specifically, Plaintiffs object to travel time billed by Mr. Klein in traveling to and

from the September 26, 2017 hearing on the Petition for Writ of Garnishment and the February 28, 2018 hearing on the Motion for Sanctions as excessive. [DE 120, pg. 9] Plaintiffs also challenge several of Mr. Klein's time entries as duplicative, because the work in those entries accounts for work that Mr. Feldman already performed and billed for. *Id.* This work includes drafting the Motion for Sanctions, working on the Reply, and working on the closing argument. *Id.*

Plaintiffs next object to 9.6 hours billed by Mr. Feldman, arguing that Mr. Feldman's presence at the hearing on the Petition for Writ of Garnishment was duplicative and unnecessary as Mr. Klein certainly has the experience to handle the hearing by himself. [DE 110, pg. 11]. Plaintiffs also object to the amount of travel time billed for attending the February 28, 2018 hearing. *Id.*

Finally, Plaintiffs object to 13.2 hours billed by Ms. Marques as unnecessary or duplicative. [DE 110, pg. 12]. Plaintiffs argue that Ms. Marques' review of the draft joint stipulation is unnecessary, billing for preparation of the exhibits to be used at the evidentiary hearing on September 5, 2017 is duplicative because she previously billed for the same work on August 22, 2017, and her billing for review of case law is duplicative because Mr. Feldman and Mr. Klein both billed for reviewing relevant materials and case law for the hearing. [DE 110, pg. 13]. Plaintiffs also object to the hours billed by Ms. Marques for traveling and attending the hearing on Motion for Sanctions, arguing that her presence was not required. *Id.* Plaintiffs next object to 5.6 hours billed by Ms. Marques because they are for the clerical tasks of preparing and reviewing notebooks to be used by the attorneys in preparation for the hearings. [DE 110, pg. 14].

If a court finds particular hours claimed by an attorney to be "excessive, redundant or otherwise unnecessary," the court may reduce the number of hours in calculating the fee award. *Norman*, 836 F. 2d at 1301 (quoting *Hensley*, 461 U.S. at 434). In demonstrating the hours are reasonable, counsel should have "maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman,* 836 F.2d at 1303. Likewise, a party opposing a fee application should submit objections and proof that are specific and reasonably precise. *ACLU of Ga. V. Barnes,* 168 F.3d 423, 428 (11th Cir. 1997). A fee opponent's failure to explain with specificity the particular hours viewed as excessive is generally fatal. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997).

The Court has carefully reviewed the time entries, and agrees with Plaintiffs' contention that some of the billing entries appear to be duplicative, unnecessary, or excessive. For, example, Ms. Marques billed a total of 4.5 hours for preparing the exhibits to be used at the September 26, 2017 hearing. Mr. Klein billed more than 9 hours for preparing his closing argument for the hearing on the Motion for Sanctions, after Mr. Feldman billed 4.8 hours for drafting those same arguments. This amount of time spent appears somewhat excessive considering the length and complexity of the hearing. The Court also finds that Ms. Marques' presence at the February 28, 2018 hearing on the Motion for Sanctions was unnecessary and therefore should be deducted from the billing entries. Further, Ms. Marques' billing of 3.8 hours for reviewing "the preparation of notebooks for Judge to be used at hearing" also appears excessive. Additionally, Mr. Klein billed a total of 11.4 hours for travel to West Palm Beach, final preparation for and

attendance at the February 28, 2018 hearing (which took less than two hours), and return travel to Miami, which seems to be more time than necessary.

The Court also notes that there appears to be billing records submitted by Defendant's counsel that contain some impermissible block billing. Block billing is not permissible because it prevents the Court from determining which portion of the fees billed on a particular date is recoverable and which is not. *See Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2014 WL 5034720, at *3 (S.D. Fla. July 3, 2014); *Hartford Acc. and Indem. Co. v. Crum & Forster Specialty Ins. Co.,* No. 10–24590–Civ, 2012 WL 5818138, at *4 (S.D.Fla.2012). For example, it appears that Defendant's counsel utilized block billing in several billing entries from September 26, 2017, and entries from September 23, 2017, August 29, 2017, and several other dates. When attorneys employ block billing, the Court cannot properly determine whether the hours billed are reasonable or not.

Taking into account all of the deficiencies in the billing entries and the excessive nature of the time billed, the Court will reduce Defendant Brendel's total fee award by 20%. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2017 WL 4785458, at *1 (S.D. Fla. Oct. 20, 2017). Here, the undersigned finds that a further across-the-board reduction in hours is appropriate in this case to account for the block billing and the excessive time billed. *See Bivins*, 380 Fed.App. at 891.

### C.  Calculation of Lodestar Amount

The Court will reduce the total fee awarded to Defendant Brendel by 20%. Here, the Court adjusted Mr. Klein's hourly rate to $500.00. The 53.6 hours billed by Mr. Klein will be reduced to 42.88 hours, and therefore, the Court will award attorney's fees for Mr. Klein in the amount of $21,440.00 to Mr. Brendel.

Mr. Sullivan billed 2.5 hours, which will be reduced to 2.0 hours. The Court finds that an hourly rate of $350.00 was reasonable for Mr. Sullivan. The Court will award attorney's fees for Mr. Sullivan in the amount of $700.00 to Mr. Brendel.

Mr. Feldman billed 51.8 hours in this case. Those hours will be reduced to 41.44 hours. The Court finds that an hourly rate of $250.00 is reasonable for Mr. Feldman, and the Court will award attorney's fees of $10,360.00 to Mr. Brendel.

Ms. Schleier billed 3 hours in this case, which will be reduced to 2.4 hours. An hourly rate of $250.00 was found to be reasonable for Ms. Schleier. Therefore, the Court will award $600.00 in attorney's fees to Mr. Brendel.

Finally, Ms. Marques billed 30.1 hours in this case at a reasonable hourly rate of $150.00. Those hours will be reduced to 24.08. The Court will award $3,612.00 in attorney's fees to Mr. Brendel. The total amount of attorneys' fees is $36,712.00

### D.  Litigation Expenses And Costs

#### i.  Litigation Costs

Defendant seeks an award of $962.00 in costs and $2,227.99 in travel expenses. [DE 102, pg. 2]. Defendant's counsel seeks to recover costs for 1) $220 for "Photocopies-Miami E101 thru 9/30/17 (1,100 E101 at 20 cents each)"; 2) $208 for Photocopies-Miami E101 thru 2/28/18

(1,880 E101 at 11 cents each); and 3) $534 for cost to obtain documents 2/28 OUSCR, Inc. [DE 110, pg. 18]. Plaintiffs reject these costs because no other information is provided, and Defendant has failed to carry its burden of explaining and documenting why Defendant incurred the costs and how they relate to the litigation. [DE 110, pg. 19]. The Court agrees. Although Defendant states in his Reply that the $534 charge was for the cost of the court reporter [DE 114, pg. 10], there is no documentation to support that claim. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1341 (M.D. Fla. 2002) (rejecting reimbursement for photocopying costs when the party moving for fees failed to sufficiently describe the purpose of the photocopies). Defendant has made no showing that the copies in the total amount of $428.00 were ever used in litigation. In fact, Defendant's Affidavit does not delineate any matter for which the copies were made. Therefore, the Court does not find that copying fees in the amount of $428.00 are reasonable.

Defendant also seeks $524.00 "for cost to obtain documents 2/28 OUSCR, Inc." [DE 102-3, pg. 12]. In Defendant's Reply, Defendant claims that this cost is for the court reporter at the February 28, 2018 hearing. However, Defendant failed to attach an invoice or any documentation of this cost. Although the cost of a court reporter would ordinarily be allowed, in light of Defendant's failure to provide any documentation of said cost, the "costs to obtain documents" in the amount of $524.are denied. Therefore, the Court does not award Mr. Brendel any costs.

ii.  Travel Expenses

Defendant seeks reimbursement of $2,227.99 in travel expenses to travel between West Palm Beach, Florida and Texas in order to attend the hearings on the Petition for Writ of

Garnishment (September 26, 2017) and the Motion for Sanctions (February 28, 2018). [DE 102, pg. 2]. In regards to the first hearing on September 26, 2018, Plaintiffs solely object to the $48.00 parking charge [DE 102-2, pg. 1], because there are no supporting documents, receipt, or credit card charge to support the charge, and because Mr. Brendel rented a car and therefore would not have needed to park at the Fort Lauderdale Airport. [DE 110, pg. 16]. Defendant did not address this charge in his Reply. Because there is no receipt, credit card charge, or documentation to support the $48.00 parking charge, the Court will deduct it from Mr. Brendel's expenses.

In regards to Mr. Brendel's expenses for traveling to the second hearing from Texas on February 28, 2018, Plaintiffs challenge three expenses. First, Plaintiffs argue that the expense for an Uber ride of $34.10 should be deducted because there is no receipt or credit card charge. [DE 110, pg. 16]. Defendant included a receipt of the Uber ride in his Reply. [DE 114-1, pg. 2]. The Court finds that this charge is reasonable and will not deduct the charge. Next, Plaintiffs argue against an $11.20 charge related to American Airlines. [DE 110, pg. 16]. Defendant's credit card statements show an $11.20 charge to American Airlines, and therefore the Court will allow the expense. [DE 114-1, pg. 3]. Finally, Plaintiffs challenge Defendant's hotel related fees, which total $983.35, for spending February 27, 2018 at the Residence Inn and February 28 – March 2, 2018 at the W Hotel in Fort Lauderdale. [DE 102-2, pg. 7]. The Court agrees that a three-night stay was not required to attend a two-hour hearing in West Palm Beach, and therefore the Court will deduct the cost of one night at the W Hotel, in the amount of $304.13 (which includes parking and miscellaneous fees). *See* DE 102-2, pg. 7. The Court finds all other travel expenses to be reasonable, and awards Mr. Brendel travel expenses in the amount of $1,875.86.

## IV.  CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiffs, Scott Meyrowitz, Mary Meyrowitz, and SSB International, LLC, along with Plaintiffs' counsel, Lawrence A. Caplan, Esq., and his firm, Lawrence A. Caplan, P.A., shall reimburse Defendant, Greg Brendel, for his attorney's fees in the amount of $36,712.00, and travel expenses in the amount of $1,875.86, for a total of $38,587.86. Plaintiffs, Scott Meyrowitz, Mary Meyrowitz, and SSB International, LLC, together with Plaintiffs' counsel, Lawrence A. Caplan, Esq., and his firm, Lawrence A. Caplan, P.A. are jointly and severally liable for this award of $38,587.86 to Defendant Brendel. Plaintiffs and Plaintiffs' counsel are hereby **ORDERED** to pay the sum of $38,587.86 to Defendant Greg Brendel on or before **October 22, 2018**. The check, money order, cashier's check, or wire transfer shall be made payable to the trust account of Defendant's attorney, Mr. Robert Klein of Klein Glasser Park & Lowe, P.L.

Should Plaintiffs and their counsel fail to pay the $38,587.86 in full on or before October 22, 2018, Defendant shall file an affidavit notifying the Court whether any payment has been made and if so, how much has been paid, and what balance remains to be paid by Plaintiffs and their counsel. If no payment is made by October 22, 2018, or if a balance remains, Defendant may file a motion seeking whatever further relief Defendant deems appropriate, including entry of a judgment against Plaintiffs and their counsel for the amount due plus statutory interest, or a finding of contempt.

The Court notes that Plaintiffs' counsel was permitted to withdraw from this case on July 23, 2018. [DE 116]. That Order stated that Plaintiffs' counsel remained under the jurisdiction of the Court for the imposition of sanctions or fees that may be imposed pursuant to any pending

motions for attorneys' fees and sanctions. [DE 116, pg. 2]. Accordingly, the Clerk is directed to mail a copy of this Order to Plaintiffs' counsel, Lawrence A. Caplan, and Lawrence A. Caplan, P.A., at 1375 Gateway Blvd., Suite 100, Boynton Beach, Florida 33426, and to each of the three Plaintiffs, Scott Meyrowitz, Mary Meyrowitz, and SSB International, LLC, at 9962 Equus Circle, Boynton Beach, Florida, 33472. To the extent that Defendant's counsel has email addresses for Plaintiffs and their counsel, Defendant's counsel is directed to forthwith email a copy of this Order to Plaintiffs and Plaintiffs' counsel.

**DONE AND ORDERED** in Chambers this *17th* day of September, 2018 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

21